IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARCIA MITCHELL, SHAYLA L. SHEAD, and all others giving written consent to become Plaintiffs herein, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:07-CV-62 (DF) |
| STONEGATE SENIOR CARE L.P., STONEGATE SENIOR CARE MANAGEMENT L.P., HERITAGE SNF, L.P. a/k/a HERITAGE PLAZA NURSING HOME AND REHAB CENTER, SGB GB L.L.C., JOHN F. TAYLOR, DENISE ROBINSON, and LORRAINE MURRAY, | § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Currently before the Court is Plaintiffs' Motion for Conditional Certification of Collective Lawsuit (Dkt. No. 23). The Court held a hearing on this matter on January 9, 2008. Dkt. No. 35. Having considered the arguments and briefing, the Court **GRANTS-IN-PART** Plaintiff's Motion (Dkt. No. 23) as modified below.

Plaintiffs brought this lawsuit against Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. requesting back pay and liquidated damages for working over 40 hours per week without paying "time and a half." Dkt. No. 23 at 1. Specifically, Marcia Mitchell ("Mitchell") was a licensed vocation nurses (LVNs) employed as a Nurse Supervisor. *Id.*; Dkt. No. 27 at 1-2. Plaintiffs state that, pursuant to Section 16(b) of the FLSA (29 U.S.C. §

1

216(b)), they are able to bring this action for themselves "and other employees similarly situated" that opt-in. Dkt. No. 23 at 2 (citing *Lchappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975) (discussing the exclusion of FLSA from traditional class actions under Fed. R. Civ. P. 23)). Plaintiffs state that federal courts resolve the "similarity" issue in two stages. *Id.* at 3 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995)). In addition, Plaintiff urges the Court not to "set the bar any higher than the modest factual showing typically required." *Id.* at 4 (citing *Resdendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 942 (W.D. Ark. 2007)).

Defendants object to the request for "conditional certification" as being overbroad because Plaintiffs seek to send notices to individuals "based on their certification . . . and not their job title, job duties, or pay status." Dkt. No. 27 at 2. For example, Defendants explain that Mitchell is not similarly situated to other LVNs who are Charge Nurses because Charge Nurses are hourly workers while Mitchell and other Nurse Supervisors are salaried employees that are not paid overtime. *Id.* Defendants state that in 2006, the Department of Labor ("DOL") conducted an on-site audit of the Heritage Facility in Texarkana, Texas and determined that Heritage had misclassified some of its employees as exempt from overtime. Dkt. No. 27 at 3-4. One of the positions that was misclassified was the Nurse Supervisor position, and as a result Defendants state that they did not challenge the ruling and paid back wages as calculated by the DOL. *Id.* at 4-5. Defendants note that none of those who were owed back wages were Charge Nurses. *Id.* at 5. Defendants argue that "similarly situated" requires that the class members have similar job requirements, similar pay provisions, and subject to the same company policy or plan.

*Id.* at 10 (citing *Barnett v. Countrywide Credit Industries, Inc.*, 2002 WL 1023161 (N.D. Tex. May 21, 2002); *Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D. Colo. 1987); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884 (E.D. Tex. 1997)).

The Court hereby adopts the two-stage class certification described in *Mooney* under the standard set forth by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney*, 54 F.3d at 1214 & 1216 (noting that it neither endorsed nor sanctioned this methodology). In the first "notice stage" the Court make its determination of potential class members under a "fairly lenient standard." *Mooney*, 54 F.3d at 1214. At the second stage, the Court will make a factual determination on the "similarly situated" question. *Id.*

Therefore, the Court **GRANTS** Plaintiffs' Motion for Conditional Certification of Collective Lawsuit (Dkt. No. 23) and authorizes the mailing and posting by Defendants of the proposed notice (Dkt. No. 23, Appendix E) as modified in bold:

> To: All persons employed as Licensed Vocation Nurses (LVNs)**, in the capacity of Charge Nurse or other non-supervisory capacity**, by any of the above Defendants since October 8, 2004.

Plaintiff is to resubmit its modified notice to the Court within **fourteen (14) days**.

It is so **ORDERED**.

**SIGNED this 17th day of July, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE