IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARCIA MITCHELL, SHAYLA L. SHEAD, and all others giving written consent to become Plaintiffs herein, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STONEGATE SENIOR CARE L.P., STONEGATE SENIOR CARE MANAGEMENT L.P., HERITAGE SNF, L.P. a/k/a HERITAGE PLAZA NURSING HOME AND REHAB CENTER, SGB GB L.L.C., JOHN F. TAYLOR, DENISE ROBINSON, and LORRAINE MURRAY, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5:07-cv-62-DF |
| Defendants. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

The above Plaintiffs and Defendants, by and through their attorneys of record, jointly move the Court for approval of the attached settlement agreement reached by the parties, and for cause show the Court the following:

### Introduction

1.     This is a suit for overtime compensation brought by representative Plaintiff Marcia Mitchell as a collective action under Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  The Court conditionally certified the lawsuit as a collective action on July 17, 2008, and authorized notice to all licensed vocational nurses (LVNs) employed by any of Defendants at 23 different locations since October 8, 2004.  As of December 31, 2009, 98 additional persons had filed written consents to become Plaintiffs.

2.     Throughout 2009, the parties engaged in extensive discovery.  Approximately 28 Plaintiffs responded to written discovery, and ten of them gave oral depositions.  Defendants

produced more than 6,400 pages of records requested by Plaintiffs and also responded to written interrogatories.

3.      On December 4, 2009, the Court ordered the parties to mediate this action with Mr. Joseph St. Amant, chief appellate conference attorney of the United States Court of Appeals for the Fifth Circuit.

4.      On January 13-14, 2010, the party representatives and their attorneys met with Mr. St. Amant and each other for a total of about 18 hours over the two-day period, reaching an agreement in principle late on the evening of the second day.

5.      As shown in more detail below, there are bona fide disputes of fact and law between the parties, and the settlement to which the parties have agreed is a fair and equitable compromise of those bona fide disputes.  Accordingly, the parties request that the Court approve the settlement, authorize the issuance of notice to class members, and approve the resolution of all other necessary and related ancillary matters as detailed in the Stipulation of Settlement, attached hereto as Exhibit "A."

### Standard for Approving FLSA Settlement Agreements

6.      Because the FLSA's provisions are mandatory, employees' claims for back wages or overtime may not be compromised absent either supervision by the Secretary of Labor, *see* 29 U.S.C. § 216(c), or approval by the court.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th 1982).  The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and [] the proposed settlement agreed upon was fair and equitable to all parties concerned."  *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

## The Proposed Settlement Should Be Approved
## Because Bona Fide Disputes Exist Between the Parties

7.     As stated above, the parties have engaged in significant discovery in connection with this litigation.  After the parties engaged in discovery and exchanged various legal authorities which they believe support their respective positions, bona fide disputes remain regarding whether, and to what extent, Defendants would be liable for the alleged violations of the Fair Labor Standards Act.

8.     A bona fide dispute exists regarding whether Plaintiffs actually worked overtime without compensation, and if they did, the amount of uncompensated work.

9.     Also, a bona fide dispute exists regarding the applicability of exemptions claimed by Defendants under Section 13(a)(1) of FLSA, 29 U.S.C. §213(a)(1), as detailed in 29 C.F.R. Part 541.

10.     The parties further dispute whether some of the Plaintiffs are subject to the "fixed salary plus" method of computing overtime compensation.

11.     There is also a bona fide dispute as to whether numerous Plaintiffs' claims are barred by the applicable statute of limitations.  Defendants contend that numerous Plaintiffs' claims are barred in whole or in part by the statute of limitations.  Numerous Plaintiffs contend that the statute of limitations should be equitably tolled.  Defendants contend that the doctrine of equitable tolling does not apply.

12.     In addition, there is a bona fide dispute over whether Plaintiffs can establish a "willful" violation of the FLSA, and therefore, the presumptive two-year statute of limitations would govern this case.  Defendants contend they have also presented evidence, such as salary and timekeeping policies mandating full compliance with FLSA requirements, demonstrating they acted in good faith.  Plaintiffs contend that Defendants had a written policy of refusing to pay

overtime compensation for hours actually worked without prior authorization by a supervisor, which is inconsistent with FLSA.  Plaintiffs further contend that any of Defendants' lawful overtime pay policies were only "window dressing," given actual practice by Defendants of widespread overtime pay violations.

13.    A bona fide dispute also exists as to whether collective action treatment would be appropriate in this case.  Both sides have fully developed that issue in their pleadings and briefs heretofore filed, which are adopted by reference herein for all purposes, pursuant to Rule 10(c) Fed. R. Civ. P.

### The Proposed Settlement Should Be Approved
### Because It Is Fair and Equitable

14.    The proposed settlement is both fair and equitable.  Most courts proceed in the FLSA approval process using the framework developed for determining fairness of class actions under Rule 23, notwithstanding that Rule's "opt out" provisions. *Liger v. New Orleans Hornets NBA L.P.*, 2009 WL 2856946, at *2 (E.D. La. 2009).   Such courts determine fairness using the familiar six factors used in Rule 23 cases:  (1) fraud or collusion detrimental to the class; (2) effect of the case on judicial resources; (3) stage of the proceedings and amount of discovery undertaken; (4) probability or improbability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) opinions of plaintiffs and their counsel.  Id

15.    With respect to the first factor, there isn't even the slightest suggestion of fraud or collusion detrimental to the class in this case.  In fact, any such suggestion is belied by the vigorous disputes that have characterized this case from its initial stages.  Rather, this proposed settlement has been reached as a result of arms-length negotiations with the assistance of an experienced mediator.

4

16.     The parties have engaged in significant discovery and are well aware of the issues presented in this litigation.  Based on that knowledge, the parties have determined that this proposed settlement would a fair and equitable compromise that would also avoid wasting judicial resources.  After engaging in significant discovery, the parties recognize the significant disputes that remain and the toll that litigation will likely take on the parties and on judicial resources.

17.     This proposed settlement is also fair and reasonable because the amounts recovered under the agreement are substantial on both a collective and individual basis.  The total proposed settlement amount is $625,000.00.  Of that amount, $300,000.00 is payable to the class members under an equitable point distribution formula as discussed below.  For Plaintiffs who elect to join in the settlement, this equitable distribution results in proposed payments of nominal amounts to those employed by Defendants for only a short period of time and proposed payments of thousands of dollars for those employed by Defendants for extended periods of time during the relevant period.

18.     Further, all parties are represented by experienced and competent counsel.  Plaintiffs' counsel consists of the experienced team of William Harrell (licensed to practice law since 1984), Walter Boyaki (licensed to practice law since 1972), and Michael T. Milligan (licensed to practice law since 1967).  Both Mr. Harrell and Mr. Boyaki have significant civil litigation and trial experience.  Mr. Milligan practices primarily in the area of labor and employment law and is certified by the Texas Board of Legal Specialization in labor and employment law.  Defendants' lead counsel is Thomas E. Reddin of Winstead, P.C., who has been licensed to practice law since 1984.  Mr. Reddin practices primarily in the area of labor and employment law and is also certified by the Texas Board of Legal Specialization in labor and employment law.  The parties'

received the benefit of the advice and opinions of their respective counsel.   Therefore, the agreement to settle the claims in this litigation is informed, and will fairly resolve all of the Plaintiffs' FLSA claims.   This settlement represents a fair and reasonable compromise of these claims, and the parties move the Court to approve the settlement of this action in accordance with the terms of the Stipulation of Settlement attached as Exhibit A.

19.     As set forth above, bona fide disputes exist between the parties.   Accordingly, the ultimate outcome of a trial is further supports the conclusion that this settlement is fair and equitable.

20.     Plaintiffs and Defendants agree that the terms of the settlement are fair and equitable. Each Plaintiff's share will be determined mathematically by a point system. Each Plaintiff will receive three points for each week she or he allegedly performed uncompensated overtime within three years of the filing date for that Plaintiff's consent. Each week of alleged uncompensated overtime more than three years before the consent date will be worth one point.[1]  Plaintiffs will also receive additional points for assistance provided to their counsel, such as responding to telephone inquiries, meeting with counsel, responding to discovery, and giving a deposition. The point totals for several Plaintiffs employed as office workers, as opposed to charge nurses, will be reduced by 20 percent, to take account of two possible additional defenses to such claims:  (1) "fixed salary plus" overtime computation; and (2) administrative exemption. The total number of points for all Plaintiffs who submit claims will then be divided into the settlement fund to determine the value of a point. Plaintiffs will then share in the settlement fund based on the number of points allocated.

---

[1] This is significant because the Plaintiffs who elect to join the settlement are being compensated for claims that otherwise might be barred by the statute of limitations, either wholly or partially.

21.    The settlement also provides that attorneys' fees shall be paid in accordance with the representation agreement between Ms. Mitchell and Plaintiffs' attorneys. The representation agreement provides for a contingency fee of forty percent, representing total attorneys' fees to be paid to the attorneys who have prosecuted this litigation on behalf of Plaintiffs and the purported class. Pursuant to the terms of that agreement, $250,000.00 of the settlement amount (40% of the total) is allocated to cover Plaintiffs' attorneys' fees. An additional $75,000.00 of the settlement amount is allocated to cover Plaintiffs' costs and expenses in connection with prosecuting this litigation, and includes payment of an additional $25,000.00 to the lead Plaintiff, Marcia Mitchell.[2]

22.    Plaintiffs who fail to respond to the notice of the settlement will not receive or share in the settlement funds. Their claims will be dismissed, with prejudice, and the money which would have been paid to them will be distributed on a pro rata basis to the Plaintiffs who return a signed consent form which contains a release.

23.    Plaintiffs who know of the settlement, but choose not to accept it, can elect instead to have their claims dismissed without prejudice and with the opportunity to pursue their own individual claims should they so elect. The dismissal will not operate to resolve any issues in the litigation as to such non-consenting Plaintiffs, including possible equitable tolling to the extent permitted by applicable law.[3]

---

[2] Mitchell will receive a payment of $25,000.00 in compensation for her time and efforts in acting as the lead Plaintiff in this litigation, including the substantial assistance she provided to Plaintiffs' counsel and her participation at the two-day mediation held in New Orleans, Louisiana and for the release of her wrongful discharge retaliation claim.

[3] Given that Defendants are not receiving a release from Plaintiffs who elect not to join the settlement, the portion of the settlement funds, including attorneys' fees, allocated to these Plaintiffs will be returned to Defendants.

### Allocation of Payments to Wages and Damages

24.     The payment to each Plaintiff who submits a claim will result in two payments of equal amounts, one for wages and the other for liquidated damages.

25.     Defendants will make required statutory deductions from and matching contributions to the half allocated to wages, and will issue a W-2 at the appropriate time for that payment.

26.     The other half, consisting of liquidated damages, will have no withholding from it. Defendants will issue a 1099 at the appropriate time, describing the payment as "other income" to each Plaintiff. The W-2 and the 1099 payments will be reported to the Internal Revenue Service.

27.     All of the details of the settlement are in the attached Stipulation of Settlement which is incorporated herein by reference for all purposes.

### Conclusion

28.     The proposed settlement agreed to by the parties is a fair and equitable compromise of bona fide disputes, and Plaintiffs and Defendants therefore request that the Court approve the settlement at this time and authorize the issuance of notice to class members and all necessary and related ancillary matters as detailed in the attached Stipulation of Settlement. The parties further request that once class notice has been issued and payment to those persons who elect to participate in the settlement has been accomplished, the Court enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order Granting Approval and Authorizing Notice, approved by the parties, has been submitted with this Motion.

**RESPECTFULLY SUBMITTED** this 22nd day of March, 2010.


By:/s/ Mike Milligan
**MIKE MILLIGAN**
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
915-544-5587
Fax 915-544-2773
State Bar No. 14148200


**WALTER L. BOYAKI**
4621 Pershing Drive
El Paso, Texas 79903-1017
915-566-8688
Fax 915-566-5906
State Bar No. 02759500


**WILLIAM B. HARRELL**
803 Pine Street
Texarkana, Texas 75501-5111
903-793-1041
Fax 903-793-6449
State Bar No. 09042250


**ATTORNEYS FOR PLAINTIFFS**

By:/s/ Thomas E. Reddin
**THOMAS E. REDDIN**
Texas State Bar No. 16660950
**WINSTEAD P.C.**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390


**FRANKLIN A. POFF, JR.**
Texas State Bar No. 16085800
**BOYD, POFF & BURGESS, LLP**
2301 Moores Lane
Texarkana, Texas  75505
Telephone:  (903) 838-6123
Facsimile (903) 832-8489


**ATTORNEYS FOR DEFENDANTS**